UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

OTIS LEE COLE #232716,

      Plaintiff,                                                 Case No. 2:18-CV-159

v.                                                           HON. GORDON J. QUIST

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a civil rights action brought by state prisoner, Otis Lee Cole, pursuant to 42 U.S.C. § 1983. On June 15, 2020, U.S. Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court grant Defendants' motion for partial dismissal. (ECF No. 44.) Plaintiff has filed an objection. (ECF No. 50.)

Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted with one modification.

Plaintiff objects that the magistrate judge identified Defendants' motion for partial dismissal under Fed. R. Civ. P. 12(b)(6) as a motion for partial summary judgment. Plaintiff is correct that the magistrate judge mistakenly identified Defendants' motion as one for partial summary judgment on the second page of the R & R. This mistake was only a minor typo because

the magistrate judge applied the Fed. R. Civ. P. 12(b)(6) legal standard and did not consider any evidence outside the pleadings.  Therefore, the Court will modify page two of the R & R to reflect that Defendants' filed a motion for partial dismissal.

Plaintiff objects to the magistrate judge's recommendation to dismiss the official capacity claims based on sovereign immunity. The magistrate judge recommended dismissing the official capacity claims because Plaintiff is no longer seeking injunctive relief and *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908) did not apply. Plaintiff argues that the official capacity claims should not be dismissed because he is still seeking a declaratory judgment.  Although a declaratory judgment claim may, at times, fall within the *Ex parte Young* exception, it "is actionable only to the extent it seeks prospective relief."  *Ward v. City of Norwalk*, 640 F. App'x 462, 468 (6th Cir. 2016); *see also Tigrett v. Cooper*, 855 F. Supp. 2d 733, 744 (W.D. Tenn. 2012) ("Declaratory relief is not prospective as required by the *Ex Parte Young* doctrine when it would serve to declare only past actions in violation of federal law: retroactive declaratory relief cannot be properly characterized as prospective.").  A review of the amended complaint in the instant case establishes that Plaintiff is not seeking prospective relief.  Instead, Plaintiff asks the Court to rule that Defendants' past conduct of not allowing him to attend religious services violated the Constitution.  Because Plaintiff is not seeking prospective relief, Defendants are entitled to sovereign immunity on the official capacity claims.

Plaintiff objects to the magistrate judge's recommendation to dismiss the equal protection claim for failure to state a claim. The magistrate judge concluded that the "amended complaint [wa]s silent as to facts supporting [Plaintiff's] equal protection claim" and that "the record shows that [Plaintiff] failed to identify similarly-situated prisoners or a class of prisoners who were treated differently." (ECF No. 44 at PageID.208.)  Plaintiff does not object to the magistrate

judge's characterization of the claim as a "class of one" equal protection claim. In his objection, Plaintiff argues that he presented enough facts that "the MDOC treated the Plaintiff disparately, (they denied him the opportunity to attend MSTA services), with similarly situated prisoners, (those prisoners in population who had completed the steps necessary in order to attend services), and that there was no rational basis for the disparate treatment, (he was finally allowed to attend services although the only thing that had changed was that he had filed this lawsuit)." (ECF No. 50 at PageID.225.)

The Court agrees with the magistrate judge's analysis. "[A] plaintiff must overcome a 'heavy burden' to prevail based on the class-of-one theory." *Loesel v. City of Frankenmuth*, 692 F.3d 452, 462 (6th Cir. 2012). To state a class of one equal protection claim, the plaintiff must allege that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073 1074 (2000)).  In the amended complaint, Plaintiff failed to allege sufficient facts to identify similarly situated prisoners or a class of prisoners who were treated differently.  He conclusory states that similarly situated prisoners were permitted to attend the religious services.  But Plaintiff must allege that he was similarly situated to comparators in "in all material respects[,]" and he has failed to do so.  *Loesel*, 692 F.3d at 462.

**Accordingly, IT IS HEREBY ORDERED** that the June 15, 2020, Report and Recommendation (ECF No. 44) is **adopted** as the Opinion of the Court with one modification— "motion for partial summary judgment" is changed to "motion for partial dismissal" on page two of the R & R.

**IT IS FURTHER ORDERED** that Defendants' motion for partial dismissal (ECF No. 33) is **GRANTED** for the reasons set forth in the R & R. Therefore, Plaintiff's official capacity claims and the equal protection claim are **dismissed with prejudice**.

This case will proceed on Plaintiff's retaliation and free exercise claims against Defendants in their individual capacities.


Dated: September 29, 2020  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE